E-FILED
Monday, 27 December, 2004 03:32:03 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

| | | |
|---|---|---|
| AUTUMN RISINGER, | ) | |
| | ) | 04-2249 |
| Plaintiff, | ) | |
| | ) | Jury Trial Demand |
| vs. | ) | |
| | ) | Judge Michael P. McCuskey |
| ENCORE RECEIVABLE | ) | |
| MANAGEMENT, INC., | ) | |
| a Kansas corporation, | ) | Magistrate Judge David G. Bernthal |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

## I.   INTRODUCTION

Defendant Encore Receivable Management, Inc. is alleged in Plaintiff Autumn Risinger's Complaint to have violated the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692, when it contacted her on a Sunday, when it misrepresented its true identity to her, and when it engaged in conduct that harassed, oppressed and abused her. Defendant asserts that Plaintiff has no remedy against it because, it claims, Plaintiff has not properly pled some of the essential elements of a cause of action. Defendant is mistaken. Plaintiff has pled a cause of action under the FDCPA. Accordingly, the Motion to Dismiss should be denied.

**STANDARD OF REVIEW**

The Defendant is bringing a Motion to Dismiss pursuant to F. R. Civ. P. 12(b)(6) for failure to state a cause of action. In order to prevail upon a motion to dismiss for failure to state a claim, the Defendant must meet an extremely high burden. The court must accept all factual allegations in Risinger's claim as true. All inferences are drawn in favor of the Plaintiff and all ambiguities are resolved in favor of the Plaintiff. *Dawson v. General Motors*

*Corp.*, 977 F.2d 369, 372 (7th Cir. 1992). It may grant Defendant's motion to dismiss "only if it appears *beyond all doubt* that [Risinger] *can prove no set of facts in support of his claims which would entitle him to relief."* *Gorski v. Troy*, 929 F.2d 1183, 1186 (7th Cir. 1991), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (*emphasis added*).

II.    **FACTUAL ALLEGATIONS**

Plaintiff, Autumn Risinger, is an individual who resides in Mattoon, Coles County, Illinois. *Paragraph 3 of Amended Complaint.* Defendant, Encore Receivables Management, Inc. is a corporation organized under the laws of the State of Kansas. Its principal place of business is located in Olathe, Kansas. *Paragraph 4 of Amended Complaint.* Defendant Encore Receivable Management, Inc. is a "debt collector" as defined in Section 803(6) of the FDCPA, 15 U.S.C. section 1692a(5). *Paragraph 5 of Amended Complaint.*

Plaintiff Autumn Risinger is the holder of a Capital One credit card that was used for the purchase of consumer goods and services. *Paragraph 6 of Amended Complaint.* Sometime prior to November 7, 2004, Capital One Bank placed Plaintiff's credit card account for collection with Defendant Encore Receivables Management, Inc. *Paragraph 7 of Amended Complaint.* On Sunday, November 7, 2004, at 6:46 p.m., an employee of Defendant Encore Receivables Management named Matt B. placed a telephone call from 888-785-7719 to 217-235-0002 for the purpose of collecting the Capital One credit card debt. *Paragraph 8 of Amended Complaint.* Matt B. identified himself as an employee of the Capital One collection department. *Paragraph 9 of Amended Complaint.* Matt B. advised Plaintiff Autumn Risinger that her account with Capital One was delinquent. Matt B. told Plaintiff that she should be embarrassed that she cannot pay her debt and continued to degrade Plaintiff during the two minute telephone call.

*Paragraph 10 of Amended Complaint.* On Sunday, November 14, 2004, at 7:12 p.m., an employee of Defendant named Alvin M. contacted Plaintiff with the intent to collect the debt. *Paragraph 11 of Amended Complaint.*

Defendant violated the FDCPA by making a debt collection telephone call on a Sunday in violation of 15 U.S.C. § 1692c(a)(1). *Paragraph 12 of Amended Complaint.* Defendant violated the FDCPA by misrepresenting that Capital One is actually collecting the debt in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692e(14). *Paragraph 13 of Amended Complaint.* Defendant violated the FDCPA by using language with the natural consequence of which is to harass, oppress or abuse the Plaintiff during the collection of a debt in violation of 15 U.S.C. §§ 1692d and 1692d(2). *Paragraph 14 of Amended Complaint.*

### III. ARGUMENT

#### A. Defendant Encore Receivable Management, Inc. violated Section 1692c(a)(1) of the Fair Debt Collection Practices Act when it contacted Plaintiff on inconvenient days such as Sunday.

Plaintiff has met her very low burden of pleading. Section 1692c(a)(1) of the Fair Debt Collection Practices Act prohibits a debt collector from making any communication, "with a consumer in connection with the collection of any debt at any unusual time or place or at a time or place known or which should be known to be inconvenient to the consumer." Plaintiff has alleged that Defendant violated that Section when it made telephone calls on Sunday, November 7, 2004 and Sunday, November 14, 2004. *Paragraphs 8 and 11 of the Amended Complaint.* The Seventh Circuit is silent on issue of whether 1692c(a)(1) serves as a *per se* ban on communications made on Sunday. The Federal Trade Commission has issued informal staff

3

letters indicating that Sunday is an unusual time to collect a debt. Mezines, FTC Informal Staff Letter (May 22, 1980); Coupel FTC Informal Staff Letter (May 15, 1978). Copies of these letters are attached hereto and incorporated herein by reference. In the absence of any authority stating that it is not a violation of Section 1692c(a)(1), it is a question of fact to be decided by a jury. Accordingly, the Motion to Dismiss must be denied.

>    B.    Defendant violated Sections 1692e, 1692e(10) and 1692e(14) of the Fair Debt Collection Practices Act when it misrepresented its true identity to Plaintiff.

Plaintiff has met her very low burden of pleading. Section 1692e of the Fair Debt Collection Practices Act states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debts." Section 1692e(10) prohibits, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Section 1692e(14) prohibits, "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." Plaintiff has alleged that the Defendant violated these three sections of the Fair Debt Collection Practices Act when it stated that it was Capital One collecting the debt. *Paragraph 9 of the Amended Complaint.* It is clear why Defendant did not honestly identify itself to the Plaintiff. If it had stated that it was a debt collection, then it would be signaling that it is subject to the Fair Debt Collection Practices Act and such prohibitions as making communications at inconvenient times as stated in Section 1692c(a)(1). Accordingly, the Motion to Dismiss should be denied.

4

      **C.**      **Defendant violated Sections 1692d and 1692d(2) of the Fair Debt Collection Practices Act when it used language that harassed, oppressed and abused the Plaintiff.**

Plaintiff has met her very low burden of pleading. Section 1692d of the Fair Debt Collection Practices Act states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Section 1692d(2) prohibits a debt collector from, "the use of obscene or profane language or language the natural consequences of which is to abuse the hearer or reader." Plaintiff has alleged that Defendant violated those Sections when it embarrassing and degrading comments to Plaintiff during the course of the debt collection call on November 7, 2004. *Paragraph 10 of the Amended Complaint.* The Plaintiff has met the threshold burden of alleging a violation. It is for a trier of fact to determine whether the conduct in the telephone call meets the ultimate burden of proof. Accordingly, the Motion to Dismiss must be denied.

## IV.    CONCLUSION

For all the foregoing reasons, Defendant's motion to dismiss Plaintiff's Complaint should be denied. Alternatively, in the event that the Court determines that Plaintiff's Amended Complaint is for some reason deficient, the Court should grant Plaintiff leave to file a Second Amended Complaint.

Respectfully submitted,

AUTUMN RISINGER, Plaintiff

Dated: December 27, 2004.

s/ Roy Jackson Dent
Roy Jackson Dent Bar Number 6255835
Attorney for Plaintiff
Brankey & Smith, P.C.
622 Jackson Avenue
Charleston, IL 61920
Phone: (217) 345-6222
Fax:    (217) 345-6232
E-Mail: rdent@brankeysmithpc.com

FEDERAL TRADE COMMISSION
WASHINGTON, D. C. 20580

BUREAU OF
CONSUMER PROTECTION

May 22, 1980

Basil J. Mezines, Esquire
Stein Mitchell & Mezines
1800 M Street, Northwest
Washington, D. C. 20036

Dear Mr. Mezines:

This will respond to your letter dated May 19, 1980 inquiring about the application of Section 805(a) of the Fair Debt Collection Practices Act ("Act") to a situation in which a debt collector communicates with a consumer in connection with the collection of a debt on Sunday. It is your position that inasmuch as that section makes no reference to what day or days of the week might be inconvenient, Sunday may be an appropriate day for such contact unless the debt collector has information indicating it to be inconvenient for the consumer.

While the statute is not specific on this point, we believe that a reasonable reading of the language of the statute would not permit the communication. One could hardly consider Sunday as being a normal business day particularly for engaging in the business of collecting debts. Generally, most corporate or other business offices are closed on Sunday and it would be a most extreme and unusual case to find "business as usual" on a day when most observe religious or other normal breaks from a full business week.

You will note that the statute prohibits such communications at any unusual time or at a time known or which should be known to be inconvenient. It is our opinion that dunning a consumer on Sunday would qualify as a communication at an "unusual time" and that this fact should be known by the debt collector to be inconvenient to the consumer.

The views expressed are informal in nature and as such are not binding on the Commission. Nevertheless, they do represent the staff's present enforcement position.

Very truly yours,

Alan D. Reffkin
Attorney
Division of Credit Practices

**FEDERAL TRADE COMMISSION**
WASHINGTON, D. C. 20580

BUREAU OF
CONSUMER PROTECTION

May 15, 1978

Mr. Pat Coupel
Supervisor, Customer Service
Diamondhead Corporation
4450 General DeGaulle Drive
New Orleans, Louisiana 70114

Dear Mr. Coupel:

This is in response to your letter dated May 6, 1978 in which you request information concerning what constitutes "inconvenient times", "harassment" and whether only "collection agencies" are covered under the Fair Debt Collection Practices Act.

Section 805(a) of the Act provides that without the prior consent of the consumer given directly to the debt collector, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place known or which should be known to be inconvenient to the consumer. That section further states that in the absence of knowledge or circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is between the hours of 8 o'clock in the morning and 9 o'clock in the evening, local time at the consumer's location.

Inconvenient time also includes a consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication. Also, if the nature of the consumer's employment is such that a debt collector should know that communicating the matter of a debt is clearly inconvenient, the debt collector should not attempt to contact the consumer at the consumer's place of employment. Inconvenient time would also include calling a consumer on Sunday without prior consumer permission.

89

Mr. Pat Coupel                                                                      - 2 -

Harassment or abuse is prohibited by Section 806 of the Act. In addition to the general prohibitions restricting conduct, the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, six specific prohibitions are listed as violating the Act.

The Act applies not only to third party debt collectors but under certain circumstances, to creditors as well. For example, Section 803(6) includes a creditor within the definition of debt collector when such creditor, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

We are enclosing a copy of the Fair Debt Collection Practices Act for your information. If you have any questions you may direct them to our attention.

The views expressed in this letter represent the staff's present enforcement position. They are informal in nature and as such are not binding on the Commission.

Very truly yours,

Alan D. Reffkin

Alan D. Reffkin
Attorney
Division of Credit Practices

Enclosure

90

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

| | | |
|---|---|---|
| AUTUMN RISINGER, | ) | |
| | ) | 04-2249 |
| Plaintiff, | ) | |
| | ) | Jury Trial Demand |
| vs. | ) | |
| | ) | Judge Michael P. McCuskey |
| ENCORE RECEIVABLE | ) | |
| MANAGEMENT, INC., | ) | |
| a Kansas corporation, | ) | Magistrate Judge David G. Bernthal |
| | ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the attached PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS has been electronically served upon:

Edwin C. Barney
Saikley, Garrison & Colombo, Ltd.
208 W. North Street
Danville, IL 61832

AUTUMN RISINGER, Plaintiff

Dated: December 27, 2004.

s/ Roy Jackson Dent
Roy Jackson Dent Bar Number 6255835
Attorney for Plaintiffs
Brankey & Smith, P.C.
622 Jackson Avenue
Charleston, IL 61920
Phone: (217) 345-6222
Fax:    (217) 345-6232
E-Mail: rdent@brankeysmithpc.com