UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **AUTUMN RISINGER,** ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **Case No. 04-2249** |
| **ENCORE RECEIVABLE** ) | |
| **MANAGEMENT, INC.,** ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

In November 2004, Plaintiff, Autumn Risinger, filed a Complaint (#1) and an Amended Complaint (#3) against Defendant, Encore Receivable Management, Inc., alleging violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) (hereinafter "FDCPA"). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

In December 2004, Defendant filed a Motion To Dismiss For Failure To State a Claim Upon Which Relief Can Be Granted (#4). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss For Failure To State a Claim Upon Which Relief Can Be Granted **(#4)** be **DENIED**.

### I. Background

The following background is taken from the complaint. Plaintiff holds a Capital One credit card that she used to purchase consumer goods and services. Defendant is a debt collector as defined by the FDCPA. At some point before November 7, 2004, Capital One Bank placed Plaintiff's credit card account with Defendant for collection. On Sunday, November 7, 2004, at 6:46 p.m., one of Defendant's employees, Matt B., called Plaintiff for the purpose of collecting the Capital One credit card debt. Matt B. identified himself as an employee of the Capital One collection department and advised Plaintiff that her account with Capital One Bank was delinquent. He told her that she should be embarrassed that she cannot pay her debt and

degraded Plaintiff during the two-minute telephone call. On Sunday, November 14, 2004, at 7:12 p.m., another of Defendant's employees, Alvin M., contacted Plaintiff with the intent to collect the debt.

In her amended complaint, Plaintiff alleges a single count, in which she includes allegations indicating that Defendant violated the FDCPA by making a debt collection telephone call on Sunday, by misrepresenting that Capital One was actually collecting the debt, and by using language during the collection of a debt that harassed, oppressed, or abused Plaintiff.

## II. Standard

When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the claims, and draw all reasonable inferences in the light most favorable to the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the case only if the nonmoving party can prove no set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

## III. Analysis

Defendant argues that the Court should dismiss the claim because making debt collection calls on Sunday does not constitute a violation of the FDCPA.

As noted above, the claim that Defendant violated the FDCPA is based on three different grounds, one of them being that Defendant called Plaintiff on Sunday. That allegation is only part of the claim. Even if we agreed with Defendant's argument, we could not dismiss the entire claim because a single aspect of it was unwarranted.

Nor will we ask Plaintiff to fine-tune her complaint at this point by dismissing a portion of the claim. As the Seventh Circuit has stated, "[t]he Rules of Civil Procedure make a complaint just the starting point. Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving." *Bennett v. Schmidt,*

153 F.3d 516, 518 (7th Cir. 1998). Accordingly, the Court recommends denying the motion to dismiss.

### IV.  Summary

For the reasons set forth above, this Court recommends that Defendant's Motion To Dismiss For Failure To State a Claim Upon Which Relief Can Be Granted **(#4)** be **DENIED.** The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days afer being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 3rd day of February, 2005.



s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE

F:\CMECF\CV\9\risinger v encore.04-2249.mtd#4.R&R.wpd