**E-FILED**
Wednesday, 08 June, 2005 04:07:38 PM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### DANVILLE/URBANA DIVISION

| | | |
|---|---|---|
| AUTUMN RISINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 04-2249 |
| | ) | |
| ENCORE RECEIVABLE | ) | Judge Michael P. McCuskey |
| MANAGEMENT, INC. | ) | |
| a Kansas Corporation, | ) | Magistrate Judge David G. Bernthal |

### MOTION FOR SUMMARY JUDGMENT

**COMES NOW** the Defendant, Encore Receivable Management, Inc. (hereinafter "Encore")
by and through its attorneys, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and hereby
moves this Court for an Order granting summary judgment in favor of Encore and against Autumn
Risinger (hereinafter the "Plaintiff"), for the reason that there is no genuine issue as to any material
fact and Encore is entitled to judgment as a matter of law.

In support of the instant motion, Encore states that there is no genuine issue as to the
following material facts:

### UNCONTROVERTED STATEMENTS OF FACTS

1.     Plaintiff is the holder of a Capital One credit card. (See "Exhibit A", Affidavit ¶3;
See "Exhibit B", Amended Complaint ¶6).

2.     Capital One placed Plaintiff's credit card account for collection with Encore. (See
"Exhibit A", Affidavit ¶4; See "Exhibit B", Amended Complaint ¶7).

3.     On Sunday, November 7, 2004, an employee of Encore placed a telephone call to
Plaintiff for the purpose of collecting the Capital One credit card debt. (See "Exhibit A", Affidavit

¶5; See "Exhibit B", Amended Complaint ¶8).

    4.    On Sunday, November 14, 2004, an employee of Encore made a telephone call to

Plaintiff. (See "Exhibit A", Affidavit ¶6; See "Exhibit B", Amended Complaint ¶11).

    5.    Section 1692c(a)(1) of the FDCPA states, as follows:

> Communication With the Consumer Generally. Without the prior
> consent of the consumer given directly to the debt collector or the
> express permission of a court of competent jurisdiction, a debt
> collector may not communicate with a consumer in connection with
> the collection of any debt - (1) at any unusual time or place known or
> which should be known to be inconvenient to the consumer. In the
> absence of knowledge of circumstances to the contrary, a debt
> collector shall assume that the convenient time for communicating
> with a consumer is after 8 o'clock antemeridian and before 9 o'clock
> postmeridian, local time at the consumer's location.

(See "Exhibit C", 15 U.S.C. §1692c(a)(1))

    6.    Section 1692c(a)(1) of the Fair Debt Collection Practices Act permits calls on

Sunday within the time limitations of the statute. (See "Exhibit C", 15 U.S.C. §1692c(a)(1); See

"Exhibit G", Tape Transcription of telephone conversations).

    7.    The informal staff letters in which the Plaintiff is relying on with regard to their

allegations to the Sunday telephone calls were written on or about May 15, 1978 and May 22, 1980.

(See "Exhibit D", Coupel, *FTC Informal Staff Letter*, May 15, 1978; See "Exhibit E", Mezines, *FTC*

*Informal Staff Letter*, May 22, 1980).

    8.    Subsequent to the Federal Trade Commission's informal staff letters dated May 15,

1978 and May 22, 1980 in which the Plaintiff is relying, the Federal Trade Commission issued an

informal staff letter on February 25, 1986 with regard to Sunday telephone calls made by a debt

collector. (See "Exhibit F", Halliday, *FTC Informal Staff Letter*, February 25, 1986; See "Exhibit

2

D", Coupel, *FTC Informal Staff Letter*, May 15, 1978; See "Exhibit E", Mezines, *FTC Informal Staff Letter*, May 22, 1980).

9.      The February 25, 1986 informal staff letter issued by the Federal Trade Commission states, in part, as follows:

> It is the staff view that a debt collector may not call the consumer at any time, or on any particular day, if he has credible information (from the consumer or elsewhere) that it is inconvenient. If the debt collector does not have such information, a call on Sunday is not per se illegal.

(See "Exhibit F", Halliday, *FTC Informal Staff Letter*, February 25, 1986).

10.     The Plaintiff has never stated to Encore that calling on Sunday would be inconvenient. (See "Exhibit A", Affidavit ¶7).

11.     Plaintiff states in its Amended Complaint, in part, as follows: "Defendant violated the FDCPA when an Encore employee told Plaintiff that she should be embarrassed that she cannot pay her debt." (See "Exhibit B", Amended Complaint ¶¶1 and 10).

12.     During the telephone conversations the employee of Encore did not state to Plaintiff that she should be embarrassed that she cannot pay her debt. In fact, the Encore employee stated, as follows: "Why did you hang up on me? It's kind of rude. You oughtta (ought to) be embarrassed." (See "Exhibit G", Tape Transcription of telephone conversations).

13.     Plaintiff states in its Amended Complaint, as follows: "Defendant violated the FDCPA by misrepresenting that Capital One is actually collecting the debt in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692e(14)." (See "Exhibit B", Amended Complaint ¶13).

14.     Plaintiff alleges under the heading FACTUAL ALLEGATIONS in its Memorandum of Law in Opposition to Defendant's Motion to Dismiss that the Encore employee stated to Plaintiff,

3

as follows: "Matt B. identified himself as an employee of the Capital One Collection Department."

In fact, the Encore employee stated, as follows: "Yeah, I'm calling about your Capital One account."

(See "Exhibit G", Tape Transcription of telephone conversations; See "Exhibit H", Plaintiff's

Memorandum of Law in Opposition to Defendant's Motion to Dismiss).

15.    Encore has never misrepresented its true identity to Plaintiff by stating that it was

Capital One collecting the debt. (See Exhibit "G", Tape Transcription of telephone conversations).

16.    Encore has stopped all collection activity with regard to Plaintiff's debt owed to

Capital One. (See "Exhibit A", Affidavit ¶8).

## ARGUMENTS AND AUTHORITIES

Motions for Summary Judgment are governed by Rule 56 of the Federal Rules of Civil

Procedure. Rule 56 states, in relevant part, that:

> (b) For Defending Party. A party against whom a claim, counterclaim,
> or cross-claim is asserted or a declaratory judgment is sought may, at
> any time, move with or without supporting affidavits for a summary
> judgment in the party's favor as to all or any part thereof;
>
> (c) Motion and Proceedings Thereon. The motion shall be served at
> least 10 days before the time fixed for the hearing. The adverse party
> prior to the day of hearing may serve opposing affidavits. The
> judgment sought shall be rendered forthwith if the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any, show that there is no genuine issue
> as to any material fact and that the moving party is entitled to a
> judgment as a matter of law. A summary judgment, interlocutory in
> character, may be rendered on the issue of liability alone although
> there is a genuine issue as to the amount of damages;
>
> (e) Form of Affidavits; Further Testimony; Defense Required.
> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent
> to testify to the matters stated therein. Sworn or certified copies of all

4

> papers or parts thereof referred to in an affidavit shall be attached
> thereto or served therewith. The court may permit affidavits to be
> supplemented or opposed by depositions, answers to interrogatories,
> or further affidavits. When a motion for summary judgment is made
> and supported as provided in this rule, an adverse party may not rest
> upon the mere allegations or denials of the adverse party's pleading,
> but the adverse party's response, by affidavits or as otherwise
> provided in this rule, must set forth specific facts showing that there
> is a genuine issue for trial. If the adverse party does not so respond,
> summary judgment, if appropriate, shall be entered against the
> adverse party.

"When a properly supported motion for summary judgment is made, the adverse party must

set forth specific facts showing that there is a genuine dispute for trial." Berry v. American

Community Mut. Ins. Co., 855 F.Supp. 256, 259 (C.D.Ill. 1994). If the evidence is not significantly

probative, a summary judgment motion may be granted. Berry at 259.

In the instant case, Encore made telephone calls to Plaintiff on Sunday for the purposes of

collecting a debt referred to them by Capital One. With regard to the Sunday telephone calls,

Plaintiff is relying on Section 1692c(a)(1) of the FDCPA which states, in part, as follows:

> a debt collector may not communicate with a consumer in connection
> with the collection of any debt at any unusual time or place known or
> which should be known to be inconvenient to the consumer. In the
> absence of knowledge of circumstances to the contrary, a debt
> collector shall assume that the convenient time for communicating
> with a consumer is after 8 o'clock antemeridian and before 9 o'clock
> postmeridian, local time at the consumer's location.

In addition, Plaintiff is relying on two informal staff letters issued by the Federal Trade Commission

issued on May 15, 1978 and May 22, 1980. Subsequent to these letters, the Federal Trade

Commission issued an informal staff letter on February 25, 1986 which states, in part, as follows:

> It is the staff view that a debt collector may not call the consumer at
> any time, or on any particular day, if he has credible information
> (from the consumer or elsewhere) that it is inconvenient. If the debt
> collector does not have such information, a call on Sunday is not per
> se illegal.

5

Furthermore, the Plaintiff is claiming that Encore violated the FDCPA by misrepresenting that Capital One is actually collecting the debt and that Encore used language with the natural consequence of which is to harass, oppress or abuse the Plaintiff during the collection of a debt. Plaintiff states that Encore violated the FDCPA when the Encore employee stated that he was an employee of the Capital One Collection Department. However, pursuant to the Tape Transcription of the telephone conversations attached hereto as "Exhibit G", the Encore employee stated, as follows: "I'm calling about your Capital One account." In addition, the Plaintiff alleges that Encore violated the FDCPA when an employee of Encore stated to Plaintiff that she should be embarrassed that she cannot pay her debt. However, pursuant to the Tape Transcription of the telephone conversation attached hereto as "Exhibit B", the Encore employee stated, as follows: "Why did you hang up on me? It's kind of rude. You oughtta (ought to) be embarrassed." In sum, Plaintiff's own statements do not support his claims against Encore.

Thus, in the instant case, it is uncontroverted that (1) Plaintiff is the holder of a Capital One credit card (2) that Capital One placed Plaintiff's credit card account for collection with Encore, (3) that making telephone calls on Sunday for the purpose of collection of a debt is not a violation of the FDCPA, (4) that the Encore employee did not state to Plaintiff that she should be embarrassed that she cannot pay her debt, and (5) that the Encore employee did not misrepresent to Plaintiff that he was an employee of the Capital One collection department.

**WHEREFORE**, Encore Receivable Management, Inc. respectfully moves this Court for an Order granting its Motion for Summary Judgment in favor of Defendant and against Plaintiff, Autumn Risinger, for reasonable attorney's fees, for costs of this action, and for such other relief as the Court deems just and equitable.

6

Respectfully submitted,

SAIKLEY, GARRISON & COLOMBO, LTD

Edwin C. Barney
208 W. North Street
Danville, IL 61832
Phone: (217) 442-0244
Fax: (217) 442-0582
Attorneys for Encore Receivable Management
Inc.

7

# UNITED STATES DISTRICT COURT
## CENTRAL DIVISION OF ILLINOIS
### DANVILLE/URBANA DIVISION

| | |
|---|---|
| AUTUMN RISINGER ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| ) | |
| v. ) | **Case No. 04-2249** |
| ) | |
| ENCORE RECEIVABLE ) | |
| MANAGEMENT INC. ) | |
| a Kansas Corporation ) | |
| ) | |
| **Defendant.** ) | |

## AFFIDAVIT

| | |
|---|---|
| **STATE OF Kansas** | ) |
| | )ss. |
| **COUNTY OF Johnson** | ) |

**COMES NOW** Wayne Rowe, and being first duly sworn by oath, deposes and states as follows:

1. I am the agent of Encore Receivable Management, Inc. I am personally familiar with all documents and transactions which form the basis of the claim in the above-captioned suit. I am also personally authorized to make this Affidavit on behalf of the Plaintiff.

2. Encore regularly uses interstate commerce and the mail system to collect debts owed or due to other businesses.

3. Plaintiff is the holder of a Capital One credit card.

4. Capital One placed Plaintiff's credit card account for collection with Encore.

5. On Sunday, November 7, 2004, an employee of Encore placed a telephone call to Plaintiff for the purpose of collecting the Capital One credit card debt.



EXHIBIT

A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

| | |
|---|---|
| AUTUMN RISINGER, ) | |
| ) | 04-2249 |
| Plaintiff, ) | |
| ) | Jury Trial Demand |
| vs. ) | |
| ) | Judge Michael P. McCuskey |
| ENCORE RECEIVABLE ) | |
| MANAGEMENT, INC., ) | |
| a Kansas corporation, ) | Magistrate Judge David G. Bernthal |
| ) | |
| Defendant. ) | |

## **AMENDED COMPLAINT**

### **PRELIMINARY STATEMENT**

1.  This action seeks redress for the illegal practices of defendant in connection with

    the collection of debts. The Complaint alleges that defendant violated the Fair

    Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") entitling

    plaintiff to relief.

### **JURISDICTION**

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (general federal question

    jurisdiction) and 15 U.S.C. § 1692k (Fair Debt Collection Practices Act).

### **PARTIES**

3.  Plaintiff, Autumn Risinger, is an individual who resides in Mattoon, Coles County,

    Illinois.

4.  Defendant, Encore Receivables Management, Inc. is a corporation organized under

    the laws of the State of Kansas. Its principal place of business is located in Olathe,

    Kansas.


EXHIBIT
B
Blumberg No. 5119

5.    Defendant Encore Receivable Management, Inc. is a "debt collector" as defined in
       Section 803(6) of the FDCPA, 15 U.S.C. section 1692a(5).

6.    Plaintiff Autumn Risinger is the holder of a Capital One credit card that was used
       for the purchase of consumer goods and services.

7.    Sometime prior to November 7, 2004, Capital One Bank placed Plaintiff's credit
       card account for collection with Defendant Encore Receivables Management, Inc.

8.    On Sunday, November 7, 2004, at 6:46 p.m., an employee of Defendant Encore
       Receivables Management named Matt B. placed a telephone call from 888-785-
       7719 to 217-235-0002 for the purpose of collecting the Capital One credit card
       debt.

9.    Matt B. identified himself as an employee of the Capital One collection
       department.

10.   Matt B. advised Plaintiff Autumn Risinger that her account with Capital One was
       delinquent. Matt B. told Plaintiff that she should be embarrassed that she cannot
       pay her debt and continued to degrade Plaintiff during the two minute telephone
       call.

11.   On Sunday, November 14, 2004, at 7:12 p.m., an employee of Defendant named
       Alvin M. contacted Plaintiff with the intent to collect the debt.

12.   Defendant violated the FDCPA by making a debt collection telephone call on a
       Sunday in violation of 15 U.S.C. § 1692c(a)(1).

13.   Defendant violated the FDCPA by misrepresenting that Capital One is actually
       collecting the debt in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692e(14).

2

14.    Defendant violated the FDCPA by using language with the natural consequence of
which is to harass, oppress or abuse the Plaintiff during the collection of a debt in
violation of 15 U.S.C. §§ 1692d and 1692d(2).

15.    As a result of Defendant's conduct, Plaintiff suffered actual damages.

WHEREFORE, Plaintiff Autumn Risinger requests that the Court enter judgment in her
favor and against Defendant Encore Receivable Management, Inc. for: (a) actual and statutory
damages, (b) attorney's fees, litigation expenses and costs, and (c) such other or further relief as
the Court deems appropriate.

AUTUMN RISINGER, Plaintiff

Dated: November 17, 2004.

s/ Roy Jackson Dent
Roy Jackson Dent Bar Number 6255835
Attorney for Plaintiffs
Brankey & Smith, P.C.
622 Jackson Avenue
Charleston, IL 61920
Phone: (217) 345-6222
Fax:    (217) 345-6232
E-Mail: rdent@brankeysmithpc.com

3

Westlaw.

15 U.S.C.A. § 1692c

▷

**Effective: [See Text Amendments]**

United States Code Annotated Currentness
  Title 15. Commerce and Trade
    ⌐ Chapter 41. Consumer Credit Protection (Refs & Annos)
      ⌐ Subchapter V. Debt Collection Practices (Refs & Annos)

### → § 1692c. Communication in connection with debt collection

(a) Communication with the consumer generally

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--

 (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

 (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or

 (3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

(b) Communication with third parties

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

(c) Ceasing communication

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--

 (1) to advise the consumer that the debt collector's further efforts are being terminated;

 (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.



EXHIBIT

**FEDERAL TRADE COMMISSION**
**WASHINGTON, D. C. 20580**

€   **BUREAU OF**
**CONSUMER PROTECTION**

**May 15, 1978**

Mr. Pat Coupel
Supervisor, Customer Service
Diamondhead Corporation
4450 General DeGaulle Drive
New Orleans, Louisiana  70114

Dear Mr. Coupel:

This is in response to your letter dated May 6, 1978
in which you request information concerning what
constitutes "inconvenient times", "harassment" and
whether only "collection agencies" are covered under
the Fair Debt Collection Practices Act.

Section 805(a) of the Act provides that without the
prior consent of the consumer given directly to the debt
collector, a debt collector may not communicate with a
consumer in connection with the collection of any
debt at any unusual time or place known or which
should be known to be inconvenient to the consumer.
That section further states that in the absence of
knowledge or circumstances to the contrary, a debt
collector shall assume that the convenient time for
communicating with a consumer is between the hours of
8 o'clock in the morning and 9 o'clock in the evening,
local time at the consumer's location.

Inconvenient time also includes a consumer's place of
employment if the debt collector knows or has reason to
know that the consumer's employer prohibits the consumer
from receiving such communication.  Also, if the nature
of the consumer's employment is such that a debt
collector should know that communicating the matter of a
debt is clearly inconvenient, the debt collector should
not attempt to contact the consumer at the consumer's
place of employment.  Inconvenient time would also
include calling a consumer on Sunday without prior
consumer permission.

89

EXHIBIT

D

Mr. Pat Coupel                                        - 2 -

Harassment or abuse is prohibited by Section 806 of the
Act.  In addition to the general prohibitions
restricting conduct, the natural consequences of which
is to harass, oppress, or abuse any person in
connection with the collection of a debt, six specific
prohibitions are listed as violating the Act.

The Act applies not only to third party debt collectors
but under certain circumstances, to creditors as well.
For example, Section 803(6) includes a creditor within
the definition of debt collector when such creditor,
in the process of collecting his own debts, uses any
name other than his own which would indicate that a
third person is collecting or attempting to collect
such debts.

We are enclosing a copy of the Fair Debt Collection
Practices Act for your information.  If you have any
questions you may direct them to our attention.

The views expressed in this letter represent the staff's
present enforcement position.  They are informal in nature
and as such are not binding on the Commission.

Very truly yours,

Alan D. Reffkin

Alan D. Reffkin
Attorney
Division of Credit Practices

Enclosure

90

**FEDERAL TRADE COMMISSION**
WASHINGTON, D. C. 20580

BUREAU OF
CONSUMER PROTECTION

May 22, 1980

Basil J. Mezines, Esquire
Stein Mitchell & Mezines
1800 M Street, Northwest
Washington, D. C. 20036

Dear Mr. Mezines:

This will respond to your letter dated May 19, 1980 inquiring
about the application of Section 805(a) of the Fair Debt
Collection Practices Act ("Act") to a situation in which a debt
collector communicates with a consumer in connection with the
collection of a debt on Sunday.  It is your position that
inasmuch as that section makes no reference to what day or days
of the week might be inconvenient, Sunday may be an appropriate
day for such contact unless the debt collector has information
indicating it to be inconvenient for the consumer.

While the statute is not specific on this point, we believe that
a reasonable reading of the language of the statute would not
permit the communication.  One could hardly consider Sunday as
being a normal business day particularly for engaging in the
business of collecting debts.  Generally, most corporate or other
business offices are closed on Sunday and it would be a most
extreme and unusual case to find "business as usual" on a day
when most observe religious or other normal breaks from a full
business week.

You will note that the statute prohibits such communications at
any unusual time or at a time known or which should be known to
be inconvenient.  It is our opinion that dunning a consumer on
Sunday would qualify as a communication at an "unusual time"
and that this fact should be known by the debt collector to be
inconvenient to the consumer.

The views expressed are informal in nature and as such are not
binding on the Commission.  Nevertheless, they do represent the
staff's present enforcement position.

Very truly yours,

Alan D. Reffkin

Alan D. Reffkin
Attorney
Division of Credit Practices

EXHIBIT
E

Blumberg No. 5119

P.02/02

Mr. William Halliday                              February 25, 1986
General Manager
Revenue Retrievals
7400 Viscount Boulevard, Suite 223
El Paso, Texas 79925-4890

Dear Mr. Halliday:

This in response to your letter of February 14, 1986, inquiring as to the practice of making telephone calls on Sunday.

Section 805(a)(1) of the Fair Debt Collection Practices Act prohibits, absent the prior consent of the consumer, communications with consumers at any unusual time or place, or at a time or place known or which should be known to be inconvenient to a consumer. It is the staff view that a debt collector may not call the consumer at any time, or on any particular day, if he has credible information (from the consumer or elsewhere) that it is inconvenient. If the debt collector does not have such information, a call on Sunday is not per se illegal.

This informal staff opinion is not binding upon the Commission but does represent the staff's current enforcement position.

I hope this information will be helpful.

Sincerely,

Attorney
Division of Credit Practices

EXHIBIT

F

Blumberg No. 5119

TOTAL P.02

Tape Transcription - Autumn Risinger               A = Autumn   E=Encore Rep.

A.      Hello.

E.      Is Autumn there?

A.      Hello.

E.      Is Autumn there?

A.      This is Autumn.

E.      Yeah, I'm calling about your Capital One account. Ok.

A.      Hello.

E.      Yeah, I was calling about your Capital One account.  Alright?

A.      Hello.  Hello.

          (Tones of someone dialing)

E.      Why did you hang up on me?  It's kind of rude. You oughtta (ought to) be embarrassed.

          (Blank spot in tape)

E.      Thanks for calling me, can I get your account number please?

A.      Um, I'm not 100% sure of what my account number is.

E.      Okay.  Umm....Autumn?

A.      Yes.

E.      Autumn Risinger?

A.      Uh-huh.

E.      Okay.  Just let me see here.

A.      Can I get your name please.

1


EXHIBIT
Blumberg No. 5119
6

E.   My name is Kennedy.  Umm.

A.   I just had somebody actually from Capital One call me.  Is there any way to tell who just placed the call?

E.   Ah..Yeah. You actually have two accounts with us, let me see which one was just called. Just one minute here.

A.   They called about 6:46 p.m. my time.

E.   Okay. Okay. Umm.

A.   It was a male.

E.   Okay. Umm..Matt?

A.   That could have been who it..was it just, just a couple of minutes ago?

E.   Right.

A.   And, is there any like special employee number or something that I need to get to get in touch with him?  Does he have a specific extension?

E.   Umm..No.

A.   Or last initial or anything like that?

E.   B.

A.   B?

E.   Right.

A.   And what state is he located in?

E.   Okay, we are located in Kansas City, Kansas.

A.   Kansas City, Kansas.  Okay Kennedy, thank you very much.

E.   Uh-huh.

(Hung up)

A.   Hello.

2

E.   Can I speak with Autumn?

A.   Hello?

E.   May I speak with Autumn?

A.   May I ask who is calling?

E.   This is Alvin with Encore

A.   Okay, hold on just a second.

E.   Okay.

A.   I'm sorry, your name was?

E.   I'm sorry, Alvin.

A.   Alvin?

E.   Yes, maam.

A.   With Encore?

E.   Yes, maam.

A.   Okay, is there a last initial for that?

E.   For Autumn?

A.   For Alvin?

E.   Oh. M. I'm sorry.

A.   M. Okay, maybe I can give you guys my attorney's number. Cause you guys..its against the law to call on Sunday (Laughs) in the State of Illinois.

E.   Is it?

A.   Yes, and I have a case filed against you guys, so you guys will probably be hearing from my attorney next week. Hello?

E.   Yes, maam. I'm documenting it. I'm still here.

3

A.    Okay. Yeah, I have somebody by the name of Matt call and harass me last week, so I filed case. (Kids in the background making a lot of noise)

E.    I'm sorry?

A.    Since you guys want to just keep calling me, then that's perfectly fine(?), but

E.    Yeah, we have..legally we are able to call.

A.    You cannot call on Sundays, its against the law in the state of Illinois. So, I'm sure that you're gonna be...your company and I will ?????? that you did call me today. Um..you guys will be hearing from my attorney. Thank you very much. (Very noisy kids in the background-hard to understand)

4

**E-FILED**
Monday, 27 December, 2004 03:32:03 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

| | | |
|---|---|---|
| AUTUMN RISINGER, | ) | |
| | ) | 04-2249 |
| Plaintiff, | ) | |
| | ) | Jury Trial Demand |
| vs. | ) | |
| | ) | Judge Michael P. McCuskey |
| ENCORE RECEIVABLE | ) | |
| MANAGEMENT, INC., | ) | |
| a Kansas corporation, | ) | Magistrate Judge David G. Bernthal |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### I.    INTRODUCTION

Defendant Encore Receivable Management, Inc. is alleged in Plaintiff Autumn

Risinger's Complaint to have violated the Fair Debt Collections Practices Act (FDCPA), 15

U.S.C. §1692, when it contacted her on a Sunday, when it misrepresented its true identity to

her, and when it engaged in conduct that harassed, oppressed and abused her. Defendant

asserts that Plaintiff has no remedy against it because, it claims, Plaintiff has not properly pled

some of the essential elements of a cause of action. Defendant is mistaken. Plaintiff has pled

a cause of action under the FDCPA. Accordingly, the Motion to Dismiss should be denied.

### STANDARD OF REVIEW

The Defendant is bringing a Motion to Dismiss pursuant to F. R. Civ. P. 12(b)(6) for

failure to state a cause of action. In order to prevail upon a motion to dismiss for failure to

state a claim, the Defendant must meet an extremely high burden. The court must accept all

factual allegations in Risinger's claim as true. All inferences are drawn in favor of the

Plaintiff and all ambiguities are resolved in favor of the Plaintiff. *Dawson v. General Motors*



EXHIBIT
H
Blumberg No. 5119

*Corp.*, 977 F.2d 369, 372 (7th Cir. 1992). It may grant Defendant's motion to dismiss "only if it appears *beyond all doubt* that [Risinger] *can prove no set of facts in support of his claims* which would entitle him to relief." *Gorski v. Troy*, 929 F.2d 1183, 1186 (7th Cir. 1991), *quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (*emphasis added*).

## II.    FACTUAL ALLEGATIONS

Plaintiff, Autumn Risinger, is an individual who resides in Mattoon, Coles County, Illinois. *Paragraph 3 of Amended Complaint.* Defendant, Encore Receivables Management, Inc. is a corporation organized under the laws of the State of Kansas. Its principal place of business is located in Olathe, Kansas. *Paragraph 4 of Amended Complaint.* Defendant Encore Receivable Management, Inc. is a "debt collector" as defined in Section 803(6) of the FDCPA, 15 U.S.C. section 1692a(5). *Paragraph 5 of Amended Complaint.*

Plaintiff Autumn Risinger is the holder of a Capital One credit card that was used for the purchase of consumer goods and services. *Paragraph 6 of Amended Complaint.* Sometime prior to November 7, 2004, Capital One Bank placed Plaintiff's credit card account for collection with Defendant Encore Receivables Management, Inc. *Paragraph 7 of Amended Complaint.* On Sunday, November 7, 2004, at 6:46 p.m., an employee of Defendant Encore Receivables Management named Matt B. placed a telephone call from 888-785-7719 to 217-235-0002 for the purpose of collecting the Capital One credit card debt. *Paragraph 8 of Amended Complaint.* Matt B. identified himself as an employee of the Capital One collection department. *Paragraph 9 of Amended Complaint.* Matt B. advised Plaintiff Autumn Risinger that her account with Capital One was delinquent. Matt B. told Plaintiff that she should be embarrassed that she cannot pay her debt and continued to degrade Plaintiff during the two minute telephone call.

2

*Paragraph 10 of Amended Complaint.* On Sunday, November 14, 2004, at 7:12 p.m., an employee of Defendant named Alvin M. contacted Plaintiff with the intent to collect the debt. *Paragraph 11 of Amended Complaint.*

Defendant violated the FDCPA by making a debt collection telephone call on a Sunday in violation of 15 U.S.C. § 1692c(a)(1). *Paragraph 12 of Amended Complaint.* Defendant violated the FDCPA by misrepresenting that Capital One is actually collecting the debt in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692e(14). *Paragraph 13 of Amended Complaint.* Defendant violated the FDCPA by using language with the natural consequence of which is to harass, oppress or abuse the Plaintiff during the collection of a debt in violation of 15 U.S.C. §§ 1692d and 1692d(2). *Paragraph 14 of Amended Complaint.*

## III. ARGUMENT

### A. Defendant Encore Receivable Management, Inc. violated Section 1692c(a)(1) of the Fair Debt Collection Practices Act when it contacted Plaintiff on inconvenient days such as Sunday.

Plaintiff has met her very low burden of pleading. Section 1692c(a)(1) of the Fair Debt Collection Practices Act prohibits a debt collector from making any communication, "with a consumer in connection with the collection of any debt at any unusual time or place or at a time or place known or which should be known to be inconvenient to the consumer." Plaintiff has alleged that Defendant violated that Section when it made telephone calls on Sunday, November 7, 2004 and Sunday, November 14, 2004. *Paragraphs 8 and 11 of the Amended Complaint.* The Seventh Circuit is silent on issue of whether 1692c(a)(1) serves as a *per se* ban on communications made on Sunday. The Federal Trade Commission has issued informal staff

3

letters indicating that Sunday is an unusual time to collect a debt. Mezines, FTC Informal Staff Letter (May 22, 1980); Coupel FTC Informal Staff Letter (May 15, 1978). Copies of these letters are attached hereto and incorporated herein by reference. In the absence of any authority stating that it is not a violation of Section 1692c(a)(1), it is a question of fact to be decided by a jury. Accordingly, the Motion to Dismiss must be denied.

**B.    Defendant violated Sections 1692e, 1692e(10) and 1692e(14) of the Fair Debt Collection Practices Act when it misrepresented its true identity to Plaintiff.**

Plaintiff has met her very low burden of pleading. Section 1692e of the Fair Debt Collection Practices Act states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debts." Section 1692e(10) prohibits, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Section 1692e(14) prohibits, "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." Plaintiff has alleged that the Defendant violated these three sections of the Fair Debt Collection Practices Act when it stated that it was Capital One collecting the debt. *Paragraph 9 of the Amended Complaint.* It is clear why Defendant did not honestly identify itself to the Plaintiff. If it had stated that it was a debt collection, then it would be signaling that it is subject to the Fair Debt Collection Practices Act and such prohibitions as making communications at inconvenient times as stated in Section 1692c(a)(1). Accordingly, the Motion to Dismiss should be denied.

4

**C.      Defendant violated Sections 1692d and 1692d(2) of the Fair Debt Collection Practices Act when it used language that harassed, oppressed and abused the Plaintiff.**

Plaintiff has met her very low burden of pleading. Section 1692d of the Fair Debt

Collection Practices Act states, "A debt collector may not engage in any conduct the natural

consequence of which is to harass, oppress, or abuse any person in connection with the collection

of a debt. Section 1692d(2) prohibits a debt collector from, "the use of obscene or profane

language or language the natural consequences of which is to abuse the hearer or reader."

Plaintiff has alleged that Defendant violated those Sections when it embarrassing and degrading

comments to Plaintiff during the course of the debt collection call on November 7, 2004.

*Paragraph 10 of the Amended Complaint.* The Plaintiff has met the threshold burden of alleging

a violation. It is for a trier of fact to determine whether the conduct in the telephone call meets

the ultimate burden of proof. Accordingly, the Motion to Dismiss must be denied.

5

## IV.    CONCLUSION

For all the foregoing reasons, Defendant's motion to dismiss Plaintiff's Complaint

should be denied. Alternatively, in the event that the Court determines that Plaintiff's

Amended Complaint is for some reason deficient, the Court should grant Plaintiff leave to file

a Second Amended Complaint.

                              Respectfully submitted,

                              AUTUMN RISINGER, Plaintiff

Dated: December 27, 2004.     s/ Roy Jackson Dent
                              Roy Jackson Dent Bar Number 6255835
                              Attorney for Plaintiff
                              Brankey & Smith, P.C.
                              622 Jackson Avenue
                              Charleston, IL 61920
                              Phone: (217) 345-6222
                              Fax:    (217) 345-6232
                              E-Mail: rdent@brankeysmithpc.com

6